# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 12-100v
Filed: July 26, 2013
(Reissued August 9, 2013)

************************************

HEATHER L. MAGILL, and SCOTT A.   *
MAGILL, Natural Parents and Guardians of *
C.J.M.   *

  *

       Petitioner,   *

  *

v.   *

  *

SECRETARY OF HEALTH   *
AND HUMAN SERVICES,   *

  *

       Respondent.   *

  *

************************************

NOT TO BE PUBLISHED

Special Master Zane

Ruling on the Record; Table Injury;
Insufficient Proof of Causation

*Thomas P. Gallagher*, Gallagher & Gallagher, Somers Point, NJ, for Petitioner;
*Lara Ann Englund*, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION DISMISSING CASE[1]

On February 13, 2012, Heather L. Magill and Scott A. Magill ("Petitioners"), natural

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post it on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, § 205, 44 U.S.C. § 3501 (2006). The decisions of the special master will be made available to the public with the exception of those portions that contain trade secret or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would clearly be an unwarranted invasion of privacy. As provided by Vaccine Rule 18(b), each party has 14 days to file a motion requesting the redaction from this decision of any such alleged material. In the absence of a timely request, which includes a proposed redacted decision, the entire document will be made publicly available. If the special master, upon review of a timely filed motion to redact, agrees that the identified material fits within the categories listed above, the special master shall redact such material from the decision made available to the public. 42 U.S.C. § 300aa-12(d)(4); Vaccine Rule 18(b).

parents and guardians of C.J.M. filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986 ("the Vaccine Act"), 42 U.S.C. § 300a-10, *et seq.*, as amended. Petitioners alleged that their son suffered from "a table injury, known as an encephalopathy and/or a causation-in-fact injury" as a result of receipt of five vaccinations, including the diphtheria-tetanus-acellular-pertussis ("DTaP"), inactivated poliovirus ("IPV"), hemophilus influenza B ("Hib"), pneumococcal conjugate ("Prevnar") and rotovirus ("Rotateq") vaccines. Petition at ¶ 3. Petitioners alleged that their child received each of these four (4)-month vaccines on March 31, 2009. *Id.* For the reasons set forth below, the special master finds that Petitioners are not entitled to compensation and dismisses their case.

## I.  BACKGROUND

On March 28, 2009, three days before Petitioners' child received the vaccinations at issue, the child was taken to the Emergency Department at J.C. Blair Memorial Hospital after falling off of a table. *See* P's Ex. 19 at 35. The examination and CT scan at the hospital were normal, except for an abrasion, a contusion on the chin, and persistent irritability. *Id.* at 36. On March 31, 2009, C.J.M. received the five vaccinations at issue. *See* P's Ex. 5 at 2. Petitioners claimed that the following day they began to notice their child "going into blank stares." Petition at ¶ 4. However, it was not until May 9, 2009, nearly six weeks later, that C.J.M. was taken to Lewistown Hospital Emergency Department after suffering from an apneic episode. *See* P's Ex. 3 at 10. Over the course of the next few years, C.J.M. experienced, *inter alia*, more staring episodes, partial seizures, apnea, hypotonia, and developmental delay. *See, e.g.*, P's Ex. 3 at 10; P's Ex. 17 at 86-91, 518, 585-90.

Petitioners filed the last set of medical records pertaining to their Petition on April 3, 2013. On December 4, 2012, the Court issued an Order directing that Petitioners file an expert report by March 13, 2013. After the Court granted several motions for extensions of time, Petitioners filed a status report on June 24, 2013 indicating they were unable to obtain an expert report.

Subsequently, on July 18, 2013, Petitioners filed a Motion for Ruling on the Record ("Motion for Ruling"). On July 23, 2013, Respondent filed a response to Petitioners' motion indicating that Respondent did not oppose the motion, and asserting that the record is insufficient to determine that Petitioners have carried their burden of proof and shown they are entitled to compensation under the Vaccine Act. This matter is now ready for decision.

Having considered Petitioners' motion, the special master hereby grants Petitioners' motion for a ruling on the record and enters this ruling based upon the entire record. Vaccine Rule 8(d).

## II.  DISCUSSION

To be awarded compensation under the Vaccine Act, a petitioner must prove either: 1) that he suffered a "Table Injury," *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations in question, or 2) that any of his medical problems were actually caused or significantly aggravated by the vaccination(s) at issue. *See* 42 U.S.C. §§

2

300aa-11(c)(1) and 300aa-13(a)(1)(A).

Actual causation must be demonstrated by preponderant evidence demonstrating that the subject vaccination caused the petitioner's injury by showing: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005). The logical sequence of cause and effect must be supported by "reputable medical or scientific explanation." *Id.*, *quoting Grant v. Sec'y of Health & Human Servs.*, 956 F.2d 1144, 1148 (Fed. Cir. 1992). A petitioner may not be awarded compensation based on petitioner's claims alone. 42 U.S.C. § 300aa-13(a)(1). Rather, the petition must be supported by either medical records or by the opinion of a competent physician. *Id.*

An examination of the record demonstrates that it does not contain medical records or a medical opinion sufficient to demonstrate that Petitioners' child, C.J.M., was injured by any of the vaccinations at issue. First, Petitioners have not established that C.J.M. has suffered a "Table Injury" associated with any of the vaccinations in question. Petitioners claim that as a result of the vaccinations their child received on March 31, 2009, the child suffered "a Table injury known as an encephalopathy." Petition at ¶ 3. Encephalopathy-related injuries are not presumed to be caused by four of the five vaccinations that C.J.M. received, including the Hib, IPV, Prevnar and Rotateq vaccines. Encephalopathy is an injury on the Vaccine Table that is presumed to be caused by the DTaP vaccination, but only if the following two requirements are satisfied: (1) the encephalopathy symptoms must occur within the first seventy-two (72) hours after the DTaP vaccination, and (2) the recipient must suffer an acute encephalopathy, described as an encephalopathy that is "sufficiently severe as to require hospitalization (whether or not hospitalization occurred)." 42 C.F.R. 100.3. For children less than eighteen (18) months of age, which includes Petitioners' child, an acute encephalopathy is "indicated by a significantly decreased level of consciousness lasting for at least 24 hours."

Although Petitioners claimed that C.J.M. was "going into blank stares" the day after receipt of the vaccinations, they failed to provide evidence that these staring episodes were symptoms of an acute encephalopathy as defined by the Vaccine Act. And, Petitioners have not provided evidence of any other symptoms of an encephalopathy occurring within seventy-two (72) hours after the vaccinations, nor have they presented evidence of "a significantly decreased level of consciousness lasting for at least 24 hours." Therefore, Petitioners have not established that C.J.M. has suffered a "Table Injury" connected with one of the vaccinations he received.

Second, Petitioners have not established that C.J.M.'s injuries were caused in-fact by the receipt of the vaccinations. The medical records show that three days prior to being vaccinated, C.J.M. was taken to the hospital after falling off of a table. *See* P's Ex. 19 at 35. Thus, Petitioners have not put forth evidence to demonstrate that C.J.M.'s injuries were not caused in-fact by the fall that he sustained.

Moreover, none of C.J.M.'s treating physicians opined that the injuries were directly caused by the vaccinations that he received. Finally, Petitioners have not submitted an expert report or medical literature. By filing this Motion for Ruling on the Record, Petitioners have

3

indicated that they will not submit an expert report supporting their claim that the vaccinations their child received on March 31, 2009 caused the injuries. To prevail in this matter, Petitioners cannot rely on their statements alone. *See* 42 U.S.C. §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Rather, the petition must be supported by either medical records or by the opinion of a competent physician, generally a medical expert. *See* 42 U.S.C. § 300aa-13(a)(1). Based on the review of the record as a whole, Petitioners have failed to prove by preponderant evidence that he suffered a "Table Injury" or that his condition was "actually caused" by the vaccinations he received on March 31, 2009.

**Petitioners' claim for compensation is DENIED, and this case is DISMISSED for insufficient proof.** In the absence of a motion for review, the Clerk of the Court is directed to enter judgment accordingly.[2]

**IT IS SO ORDERED.**

/s/ Daria J. Zane
Daria J. Zane
Special Master

---

[2] This document constitutes a final "decision" in this case pursuant to 42 U.S.C. § 300aa-12(d)(3)(A). Unless a motion for review of this decision is filed within 30 days, the Clerk of the Court shall enter judgment in accordance with this decision. Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.